## *In re* CASTLES' WILL.

*(Surrogate's Court, New York County.   August 11, 1888.)*

WILLS—CONTEST—COSTS—LIABILITY OF CONTESTANT.
Where there is no reasonable ground and no evidence in support of a contest of a will, the contestant should pay costs.[1]

On petition for the probate of the will of James Castles, deceased.

*Payne, McGuire & Son,* for petitioner.    *James F. Quigley,* for contestant.

RANSOM, S.   The will is admitted to probate.   The testimony to sustain the paper is most undoubtedly sufficient in every respect, and discloses a commendable degree of care on the part of the gentleman employed by the decedent, not only to secure a rigid compliance with the statute, but also a determination on his part that there should be no doubt about the testator's testamentary capacity, nor of his freedom from all restraint or undue influence. The paper was prepared under the very eye of the decedent, and in exact accordance with his instructions then given.   The intention to disinherit the contestant was plainly expressed to the attorneys, and the reason for doing so given.   And a righteous reason it was.   He had been for years a disgrace to his father; had dishonored his name, and disappointed his life.   The testimony abundantly proves that whatever of influence was exerted by the step-mother and her daughter over the mind of the testator was always in behalf of the contestant; never against him.   The attempt to defeat the will, by this contestant, fails utterly.   The contest never had any foundation in fact, and I do not believe the contestant or his attorney expected to succeed.   The most they could have ever hoped for was that some fact might be fished out on the tedious and absurd examination that was made of their adversaries' witnesses and the friends and neighbors of decedent on which they might base an argument against the will.   They failed absolutely, and have not even attempted by any word, spoken or written, to sustain the objections to the probate of this paper.   Again must I warn all persons who contest wills in court that they must proceed in good faith.   They must show some fact tending at least to sustain their objections.   The right of a man to convey his property by will is just as sacred and as certain to be sustained as his right to convey it by deed.   Persons who allege fraud, undue influence, have the burden of proving their allegations; and, so far as I have power in the premises, they shall carry this burden until shifted by the application of well-settled rules, so well settled that I may say they are known to all, both laymen and lawyers.   It is impossible that this contestant ever had any shadow of belief that the paper in question had been procured by fraud or undue influence, or that the decedent was incapable at the time he executed it.   The scheme for the administration of justice rests on the common sense and the common honesty of mankind.   A defeated suitor is usually compelled to pay the costs of his adversary.   This rule is right, and should be enforced in most proceedings of this kind, even those in which, however, the court has the discretion to relieve the defeated party.   In my opinion, the proper exercise of this discretion depends upon evidence of the good faith of the contestant, and a fair prospect of his success that will convince the mind of any intelligent lawyer. Contests of wills are many which are commenced and carried on in perfect good faith, and in which the will is finally sustained.   In these cases it always clearly appears that there was reasonable ground for the contest, and some independent evidence to support it.   I do not mean that persons disappointed by the provisions of a will shall be intimidated by my rulings and prevented thereby from instituting a contest on a fair case.   But I do intend that contests which depend for their support upon accident, guessing, or fishing, shall never

[1] See In re Whelan's Estate, *ante,* 635; In re Silling's Estate, *ante,* 637.

·be at the expense of the estate.   The costs taxable by law are usually far short ᷍of the actual loss sustained by those benefited by the will, but they go a little way towards indemnifying such persons for the delay and expense they have ·been subjected to.   The costs of this contest must be paid by the contestant _personally.